UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH ROBERTS,<br><br>  Plaintiff,<br><br>v.<br><br>BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC, BIOMET MANUFACTURING, LLC, f/k/a BIOMET MANUFACTURING CORPORATION, SELECT ORTHOPEDICS, INC., BIOMET JONES & ASSOCIATES, INC., JACOB WEIBLE<br><br>  Defendants. | Case No: 22-cv-1283 |

## NOTICE OF REMOVAL

  PLEASE TAKE NOTICE that Defendants, BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC, and BIOMET MANUFACTURING, LLC, f/k/a BIOMET MANUFACTURING CORPORATION (collectively, the "Biomet Defendants"), hereby remove the state court action entitled *Roberts v. Biomet, Inc., et al.*, case number 22SL-CC04607 ("the Action"), from the 21st Judicial Circuit Court (St. Louis County), to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

### PLEADINGS

  1. "This is an action for products liability…."  Petition, ¶ 1, attached hereto as Exhibit A. According to the Petition, the Biomet Defendants and Defendants Select Orthopedics, Inc., Biomet Jones & Associates, Inc., and Jacob Weible designed, manufactured, sold, marketed, promoted, and/or distributed an allegedly defective medical device identified in the Petition as the M2a-38 Metal-on-Metal hip system ("M2a-38 System") that was implanted in the plaintiff, Keith

Roberts ("Plaintiff"), on January 23, 2004.  *See id.* at ¶¶ 1–3, 108–09; *see generally* Ex. A, Counts I through X.

2. Plaintiff commenced the Action by filing his Petition against the Biomet Defendants and Defendants Select Orthopedics, Inc., Biomet Jones & Associates, Inc., and Jacob Weible in the 21st Judicial Circuit Court of the County of St. Louis, case number 22SL-CC04607, on or about October 26, 2022.

3. Defendants Biomet Orthopedics, LLC and Biomet Manufacturing, LLC were served on November 22, 2022.  Defendants Biomet, Inc. and Biomet U.S. Reconstruction, LLC were served on November 28, 2022.  Defendant Jacob Weible was served on October 31, 2022, Defendant Select Orthopedics, Inc. was served on November 3, 2022, and upon information and belief, Defendant Biomet Jones & Associates, Inc. has not yet been served.

4. The Biomet Defendants and Defendants Select Orthopedics, Inc., Biomet Jones & Associates, Inc., and Jacob Weible have not yet answered or otherwise responded to the Petition.

5. The Biomet Defendants join in the removal of the Action to this Court.

6. As discussed in further detail below, Defendants Select Orthopedics, Inc. and Jacob Weible were fraudulently joined and thus their consent is not required.  *See, e.g.*, *Hemker v. St. Louis Science Center*, No. 4:08-CV-00139-CEJ, 2008 WL 2020210, at *1 n.1 (E.D. Mo. May 8, 2008) ("Although removal generally requires the consent of all defendants, there is a judicially created exception for parties who are fraudulently joined, because 'removal in those cases is based on the contention that no other proper defendant exists.'") (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

7. All properly joined and served defendants have joined in or consented to removal of the Action pursuant to 28 U.S.C. § 1446(b)(2)(A). *See supra* ¶¶ 3–5.

## **REMOVAL IS PROPER IN THIS CASE**

8. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between the plaintiff and the properly joined and served defendants pursuant to 28 U.S.C. § 1332(c)(1), (iii) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), and (iv) this Court is the proper venue.

**A.    Removal is Timely.**

9. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because the Biomet Defendants have filed this Notice of Removal within the 30-day removal period permitted by the statute. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin to run until service is perfected); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) ("[T]he thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint, even when the defendant is a later-served defendant and does not receive service until the time limit during which the first-served defendant could have removed the case has expired."). As noted above, the earliest summons served on the Defendants was on October 31, 2022. *See supra* ¶ 3. Therefore, this Notice of Removal is properly filed within 30-days of service.

**B.    The Diversity Of Citizenship Requirement Is Satisfied.**

10. There is complete diversity between Plaintiff and the Biomet Defendants and Defendant Biomet Jones & Associates, Inc.[1] It is "well-established . . . that diversity of citizenship

---

[1] The Biomet Defendants do not concede that all of the Biomet Defendants or Defendant Biomet Jones & Associates, Inc. are properly part of this action.

3

is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

11. When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing 28 U.S.C. § 1332(c)(1)). A limited liability company's citizenship is determined by the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

12. Plaintiff is a citizen of Missouri. *See* Ex. A, Petition at ¶¶ 4, 19, 108 (alleging Missouri as the state of residence and location of long-term medical treatment further confirmed in medical records not attached due to patient privacy).

13. Defendant Biomet, Inc. is an Indiana corporation with its principal place of business in Indiana. *Id.* at ¶ 5. Thus, Defendant Biomet, Inc. is a citizen of Indiana for purposes of determining diversity. *See Wachovia Bank*, 546 U.S. at 306.

14. Defendant Biomet Orthopedics, LLC is an Indiana limited liability company. The sole member of Biomet Orthopedics, LLC is Biomet U.S. Reconstruction, LLC, which is an Indiana limited liability company. Ex. A, Petition at ¶ 6. The sole member of Biomet U.S. Reconstruction, LLC is Zimmer US, Inc., which is a Delaware corporation with its principal place of business in Indiana. *See* Ex. B, Declaration of Matthew St. Louis at ¶¶ 3–5, attached hereto as Exhibit B. Thus, as its members are citizens of Delaware and Indiana, Defendant Biomet Orthopedics, LLC is a citizen of Delaware and Indiana for purpose of determining diversity. *See OnePoint Solutions*, 486 F.3d at 346.

15. Defendant Biomet U.S. Reconstruction LLC is an Indiana limited liability company.  The sole member of Biomet U.S. Reconstruction, LLC is Zimmer US, Inc., which is a Delaware corporation with its principal place of business in Indiana.  *See* Ex. B, Declaration of Matthew St. Louis at ¶¶ 4–5.  Thus, as its member is a citizen of Delaware and Indiana, Defendant Biomet U.S. Reconstruction LLC is a citizen of Delaware and Indiana for purpose of determining diversity.  *See OnePoint Solutions*, 486 F.3d at 346.

16. Defendant Biomet Manufacturing, LLC is an Indiana limited liability company. The sole member of Biomet Manufacturing, LLC is ZB Manufacturing, LLC, which is a Delaware limited liability company. The sole member of ZB Manufacturing, LLC is Biomet, Inc.  Biomet, Inc. is a corporation incorporated under the laws of the state of Indiana with its principal place of business in Warsaw, Indiana. *See* Declaration of Matthew St. Louis at ¶¶ 6–8.  Thus, as its member is a citizen of Indiana, Defendant Biomet Manufacturing, LLC is a citizen of Indiana for purposes of determining diversity. *See OnePoint Solutions*, 486 F.3d at 346.

17. Defendant Biomet Jones & Associates, Inc. is a Kansas corporation with its principal place of business in Kansas.[2]  *See* Missouri Secretary of State Listing and Filing , attached hereto as Exhibit C.  Thus, Defendant Biomet Jones & Associates, Inc. is a citizen of Kansas for purposes of determining diversity.  *See Wachovia Bank*, 546 U.S. at 306.

**C.     The Presence of Defendants Select Orthopedics, Inc. and Jacob Weible Do Not Defeat Diversity Jurisdiction because They Are Fraudulently Joined.**

---

[2] Biomet Jones & Associates was administratively dissolved in Missouri on or about September 5, 2018, but it continues its corporate existence for purposes of litigation. *See* Mo. Rev. Stat. § 351.476(2)(5); *Raterman v. Cellco P'shp*, No. 4:09 CV 126 DDN, 2009 WL 1139232, at * 4–5 (E.D. Mo. Apr. 28, 2009).

18. The citizenship of a fraudulently joined defendants is not considered for purposes of removal. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)).

19. Under Eighth Circuit law, joinder is fraudulent and removal is proper when "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.*; *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

20. To show joinder is fraudulent, the Biomet Defendants are allowed to present evidence to prove that Plaintiff does not have a reasonable basis in fact and law for recovery against non-diverse defendants. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

21. Here, all of Plaintiff's claims against Defendants Select Orthopedics, Inc. and Jacob Weible (Counts I through X) fail because they are not the distributors at issue as neither Defendant Select Orthopedics, Inc. nor Defendant Jacob Weible were involved in the design, manufacture, sale, marketing, promotion, or distribution of the M2a-38 System implanted in Plaintiff. *See* Affidavit of David Whitman at ¶¶ 7–9, attached hereto as Exhibit D; Affidavit of Jacob Weible at ¶¶ 6–9, attached hereto as Exhibit E.

22. Defendants Select Orthopedics, Inc. and Jacob Weible do not and did not design, manufacture, or label any orthopedic medical devices, including the M2a-38 System at issue. *See* Ex. D, Affidavit of David Whitman at ¶ 7; Ex. E, Affidavit of Jacob Weible at ¶ 6.

23. Moreover, Defendants Select Orthopedics, Inc. and Jacob Weible did not market, promote, or distribute the M2a-System at issue as alleged in the Petition. Ex. D, Affidavit of David Whitman at ¶ 8; Ex. E, Affidavit of Jacob Weible at ¶ 7. In fact, at the time the M2a-System was implanted in Plaintiff, Defendant Select Orthopedics, Inc. did not yet exist as a company, and Defendant Jacob Weible had not yet been hired as a sales representative for any orthopedic medical

6

devices, including the M2a-38 System at issue. Ex. D, Affidavit of David Whitman at ¶ 5; Ex. E, Affidavit of Jacob Weible at ¶¶ 3–4.

24. Simply put, Defendants Select Orthopedics, Inc. and Jacob Weible were not the distributor of the M2a System at issue and could not have caused Plaintiff to be implanted with the M2a System on January 23, 2004 as alleged in the Complaint. Defendant Select Orthopedics, Inc. was not formed until April 2005 and Defendant Jacob Weible was not hired as a sales representative of orthopedic medical devices until December 2004. Ex. D, Affidavit of David Whitman at ¶ 5; Ex. E, Affidavit of Jacob Weible at ¶¶ 3–4.

25. There is no reasonable possibility that Plaintiff can recover from Defendants Select Orthopedics, Inc. and Jacob Weible based on the allegations in the Petition. Therefore, Defendants Select Orthopedics, Inc. and Jacob Weible were fraudulently joined, and their citizenship should not be considered by this Court in determining diversity.[3]

**D.     The Amount In Controversy Requirement Is Satisfied.**

26. Plaintiff has not asserted an exact amount of damages. Plaintiff asserts that he seeks "an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00)." *See* Ex. A, Petition p.22. However, Plaintiff seeks recovery for "serious physical injury, harm, damages and economic loss" and "such harm, damages and economic loss in the future" resulting from a total hip replacement surgery and a second total hip revision surgery. Ex. A, Petition, ¶ 133.

---

[3] Even if Defendants Select Orthopedics, Inc. and Jacob Weible had been the distributors at issue (which they are not), they are fraudulently joined to this product liability action for the additional reason that they are innocent sellers under Missouri Revised Statute section 537.762. Mo. Rev. Stat. § 537.762 ("A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim."); *Anderson v. R.J. Reynolds Tobacco Co.*, 549 F. Supp. 3d 979, 982–84 (E.D. Mo. 2021) (denying motion to remand where innocent seller was fraudulently joined).

7

Moreover, he identifies his past and future physical injuries as "severe and permanent personal injuries, including but not limited to, significant pain, discomfort, elevated metal levels resulting in revision surgery, as well as other severe and permanent health consequences" and as "significant pain and suffering; revision surgery; elevated blood-serum metal ion levels; metal wear; loss of enjoyment of life; and limitation of activities; Plaintiff continues suffering from such injuries and will continue to suffer into the future as a result of the 38 System." Ex. A, Petition at ¶¶ 127, 169. He further identifies past and future emotional injuries as "ongoing emotional trauma and distress into the future." Ex. A, Petition at ¶¶ 127-28.

27.     Diversity jurisdiction will be declined "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (internal citations omitted). When the petition does not claim a specific amount of damages, the court may make an independent appraisal of the claim. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling personal injuries, past and future medical expenses, and lost wages, even though the petition alleged that the damages were less than $75,000). Any attempt by plaintiffs to avoid federal jurisdiction by failing to plead a sufficient amount in controversy should not defeat diversity. *See Kaufman v. Costco Wholesale Corp.*, 571 F. Supp. 2d. 1061, 1066 (D. Minn. 2008) ("The important issue of whether a federal court has jurisdiction over a lawsuit on the basis of the amount in controversy should be decided on the basis of substance, not gamesmanship.") (quoting *McNeilus Truck and Mfg., Inc. v. Hunt*, Civ. No. 01-1099, 2001 WL 837940, at *2 n.1 (D. Minn. July 23, 2001)).

28.     Here, it is apparent from the face of the Petition that the amount in controversy exceeds the federal jurisdictional amount. As identified above, Plaintiff seeks recovery for, among

other alleged harm, (1) severe and permanent physical injuries including but not limited to significant pain, discomfort, and elevated metal levels; (2) a second total hip replacement surgery; (3) other severe and permanent health consequences; (4) ongoing emotional trauma and distress into the future (5) past and future loss of enjoyment of life; (6) past and future limitation of activities; and (7) past and future economic loss. Ex. A, Petition, ¶¶ 127-28, 133, 169, *passim*. Such allegations are sufficiently substantial to establish that they clear the $75,000 threshold. *See, e.g.*, *Allmon v. Walgreens Co.*, No. 4:09-CV-1151 DDN, 2010 WL 1292172, at *1 (E.D. Mo. Apr. 5, 2010) (holding amount-in-controversy requirement satisfied where plaintiff alleged severe and permanent injuries); *Kaufman*, 571 F. Supp. 2d. at 1064(finding $75,000 amount in controversy requirement satisfied in a slip-and-fall case when the plaintiff "alleged that his injuries were 'severe and painful,'" and "sought compensation for past and future medical expenses and lost wages."); *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002) (holding amount-in-controversy met where plaintiff alleged "head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries").

29. Moreover, a defendant may also support removal through evidence of "settlement offers by the plaintiff that exceed the jurisdictional amount." *Carlyon v. Counts*, No. 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016); *Macaulay v. St. Louis BOA Plaza, LLC*, No. 4:21-cv-00476-SRC, 2021 WL 3472632, at *2 (E.D. Mo. Aug. 6, 2021) (slip copy); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)).  In August 2022, Plaintiff made a verbal settlement demand that far exceeded $75,000.

30. Accordingly, although the Biomet Defendants reserve the right to object to the damages sought by Plaintiff and dispute that Plaintiff is entitled to recover any damages, based on a fair reading of the allegations in the Petition, the amount in controversy exceeds $75,000.00,

exclusive of interest and costs. Therefore, the amount in controversy requirement is satisfied for jurisdiction purposes under 28 U.S.C. § 1332(a).

**E.      Venue and Other Requirements Are Satisfied**

31.      The United States District Court for the Eastern District of Missouri includes the 21st Judicial Circuit Court (St. Louis County), in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

32.      Pursuant to 28 U.S.C. § 1446(d), the Biomet Defendants are filing a written notice of this removal (attached hereto as Exhibit F) with the Clerk of the 21st Judicial Circuit Court (St. Louis County), which, along with this notice, is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

33.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Biomet Defendants, Select Orthopedics, Inc., and Jacob Weible are attached as Exhibit A.

WHEREFORE, based on the foregoing, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

Dated: November 30, 2022                    HeplerBroom, LLC

/s/ Troy A. Bozarth
Troy A. Bozarth No. 5209515
Alexander Haar-Justice #63846
701 Market Street, Suite 1400
St. Louis, MO 63102
314-241-6160
314-241-6116 – Facsimile
tab@heplerbroom.com
ash@heplerbroom.com
**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

      I certify that on November 30, 2022, I served a copy of the foregoing upon the following counsel of record via the Court's electronic filing system, electronic mail and/or U.S. Mail:

                                                                          /s/ Troy A. Bozarth

James D. O'Leary
Michael J. Quillin
1034 South Brentwood Blvd.
Penthouse 1-A, 23rd Floor
St. Louis, MO 63117
oleary@osclaw.com
quillin@osclaw.com

Darin L. Schanker
Melanie Sulkin
101 W. Colfax Ave., Suite 650
Denver, CO 80202
dschanker@coloradolaw.net
melanie.sulkin@coloradolaw.net