# EXHIBIT A

 **Your Missouri Courts**



Search for Cases by: [Select Search Method...]

Judicial Links     |     eFiling     |     Help     |     Contact Us     |     Print     GrantedPublicAccess  Logoff

**22SL-CC04607 - KEITH ROBERTS V BIOMET, INC. ET AL (E-CASE)**

FV   File Viewer

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

[Click here to eFile on Case](#)
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending      Display Options: [All Entries ▾]

---

**11/09/2022**     ☐ **Agent Served**
Document ID - 22-SMCC-8699; Served To - SELECT ORTHOPEDICS, INC.; Server - ; Served Date - 03-NOV-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

☐ **Summons Personally Served**
Document ID - 22-SMCC-8700; Served To - WEIBLE, JACOB; Server - ; Served Date - 03-NOV-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**11/07/2022**     ☐ **Affidavit Filed**
Affidavit of Service - Weible.
  **Filed By:** JAMES D. O'LEARY
  **On Behalf Of:** KEITH ROBERTS

☐ **Affidavit Filed**
Affidavit of Service - Select Orthopedics.
  **Filed By:** JAMES D. O'LEARY

**10/31/2022**     ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID - 22-SMOS-1003, for BIOMET U.S. RECONSTRUCTION, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID - 22-SMOS-1002, for BIOMET, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID - 22-SMCC-8701, for BIOMET JONES & ASSOCIATES, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID - 22-SMCC-8700, for WEIBLE, JACOB.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and

Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-8699, for SELECT ORTHOPEDICS, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-8698, for BIOMET MANUFACTURING, LLC, F/K/A BIOMET MANUFACTURING CORP.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-8697, for BIOMET ORTHOPEDICS, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/26/2022**    ☐ **Filing Info Sheet eFiling**

    **Filed By:** JAMES D. O'LEARY

☐ **Motion Special Process Server**

Request for Appointment of Process Server.

    **Filed By:** JAMES D. O'LEARY

    **On Behalf Of:** KEITH ROBERTS

☐ **Pet Filed in Circuit Ct**

PETITION.

    **Filed By:** JAMES D. O'LEARY

☐ **Judge Assigned**

DIV 4

**22SL-CC04607**

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **KEITH ROBERTS,** | **Cause No.** |
| **Plaintiff,** | **Division:** |
| **versus** | |
| **BIOMET, INC.;** | **JURY TRIAL DEMANDED** |

**KEITH ROBERTS,**

       **Plaintiff,**

**versus**

**BIOMET, INC.;**
Serve:  Registered Agent,
Corporation Service Company
135 N. Pennsylvania Street, Ste. 1610
Indianapolis, Indiana 46204

**BIOMET ORTHOPEDICS, LLC;**
Serve:  Registered Agent
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101

**BIOMET U.S. RECONSTRUCTION, LLC;**
Serve:  Registered Agent
Corporation Service Company
135 N. Pennsylvania Street, Ste. 1610
Indianapolis, Indiana 46204

**BIOMET MANUFACTURING, LLC, f/k/a
BIOMET MANUFACTURING CORPORATION;**
Serve:  Registered Agent
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101

**SELECT ORTHOPEDICS, INC.;**
Serve: Registered Agent
Kevin L. King
9811 S. 40 Dr.
St. Louis, Missouri 63124

**BIOMET JONES & ASSOCIATES, INC.;**
Serve:  Secretary of State
600 W. Main
Jefferson City, Missouri 65101

**JACOB WEIBLE**

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

Serve:  Personal
229 Green Drive
O'Fallon, Missouri 63368

**Defendants.**

## PETITION

COMES NOW Plaintiff, KEITH ROBERTS, by and through her undersigned attorneys,

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC,** and for

his Petition against Defendants Biomet, Inc., Defendant Biomet Orthopedics, LLC, Defendant

Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC, Select Orthopedics, Inc.,

Biomet Jones & Associates, Inc., and Jacob Weible jointly and severely, states as follows:

### INTRODUCTION, PARTIES, VENUE AND JURISDICTION

1.      This is an action for products liability on behalf of Plaintiff Keith Roberts against

Defendants who were responsible for the defective hip system, the M2a 38, which was implanted

in Plaintiff and caused significant pain and elevated metal levels, resulting in revision surgery.

2.      The particular components at issue in this case were designed, manufactured, sold,

marketed, and distributed by Defendants Biomet, Inc., Defendant Biomet Orthopedics, LLC,

Defendant Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC ("Biomet

Defendants") as the "M2a 38 Metal-on-Metal" hip system (hereinafter "M2a 38" or "38 System")

and distributed in the State of Missouri.

3.      Defendants Select Orthopedics, Inc., Biomet Jones & Associates, Inc., and Jacob

Weible ("Distributor Defendants") marketed, promoted, distributed, and sold the 38 System that

is the subject of this lawsuit in the State of Missouri.

4.      At all times relevant to this Petition, Plaintiff Keith Roberts, (hereinafter,

"Plaintiff") was and is a resident of the State of Missouri.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

5.      Defendant Biomet, Inc. is a corporation organized and existing under the laws of the State of Indiana with its primary place of business in Warsaw, Indiana. Biomet, Inc. designed, manufactured, marketed, promoted, and sold the M2a-38 that is the subject of this lawsuit. Defendant Biomet, Inc. is and was at all times relevant herein doing business in and/or having directed its activities at the State of Missouri and has, at all relevant times, conducted continuous and systematic business in the State of Missouri and throughout the United States.

6.       On information and belief, Defendant Biomet Orthopedics, LLC is, and at all times relevant here to was, a wholly owned subsidiary of Defendant Biomet U.S. Reconstruction, LLC and is a limited liability corporation organized and existing under the laws of the State of Indiana with its primary place of business in Warsaw, Indiana. Defendant Biomet Orthopedics, LLC designed, manufactured, marketed, promoted, and sold the M2a 38 that is the subject of this lawsuit. Defendant Biomet Orthopedics, LLC is and was at all times relevant herein doing business in and/or having directed its activities at the State of Missouri and has, at all relevant times, conducted continuous and systematic business in the State of Missouri and throughout the United States.

7.      On information and belief, Defendant Biomet U.S. Reconstruction, LLC is, and at times relevant to this Petition was, a wholly owned subsidiary of Defendant Biomet, Inc., and an Indiana Corporation with its principal places of business in Warsaw, Indiana. Biomet US Reconstruction, LLC, designed, manufactured, marketed, promoted, and sold the M2a 38 that is the subject of this lawsuit and was at all times relevant herein doing business in and/or having directed its activities at the State of Missouri, and has, at all relevant times, conducted continuous and systematic business in the State of Missouri and throughout the United States.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

8.      On information and belief, Defendant Biomet Manufacturing, LLC, is formerly known as Biomet Manufacturing Corporation.  At all times relevant to this Petition was, a wholly owned subsidiary of Defendant, Biomet, Inc., and an Indiana Corporation with its principal place of business in Warsaw, Indiana. Defendant Biomet Manufacturing Corp. designed, manufactured, marketed, promoted, and sold the M2a- 38™ Hip Implant System that is the subject of the lawsuit and was at all times relevant herein doing business in and/or having directed its activities at the State of Missouri, and has, at all relevant times, conducted continuous and systematic business in the State of Missouri and throughout the United States.

9.      At all times relevant to this Petition, Defendant Select Orthopedics, Inc. (hereinafter, "Select") was and is a Missouri Corporation with its principal place of business in St. Louis, Missouri and as such is a citizen of the State of Missouri.

10.     At all times relevant to this Petition, Defendant Biomet Jones & Associates, Inc. (hereinafter, "Jones") was and is a Kansas corporation, licensed to do business in the state of Missouri with a registered agent located in the State of Missouri.

11.     At all times relevant to this Petition, Defendant Jacob Weible (hereinafter, "Weible"), was and is a resident of the State of Missouri.

12.     Upon information and belief, at all times relevant to this Petition, Defendants Select and Jones operated by and through their agents, servants and employees, including Defendant Weible, who acted within the course and scope of his employment with Defendant Select, and marketed, sold, supplied and distributed Biomet's products, including the 38 System in the State of Missouri.

13.     Upon information and belief, Defendants Select and Jones relationship with Biomet is defined in a confidential distributorship agreement between Defendants Select and Jones and

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

Biomet.

14.     Upon information and belief, Defendants Select and Jones' agents, servants and/or employees, including Defendant Weible complete sales calls on surgeons wishing to acquire hip replacement components manufactured by Biomet for implantation in patients.

15.     Upon information and belief, at all times relevant to this Petition, Defendants, each of them, received commissions and intended to financially profit from marketing, selling, supplying and distributing the 38 System.

16.     Upon information and belief, Defendants Select and Jones did, in fact, receive payment from Biomet in relation to the sale of the 38 System sold to and implanted in Plaintiff.

17.     Within the State of Missouri, Defendants Select and Jones are in the chain of distribution for Biomet products, including specifically, the 38 System.

18.     Defendants Select and Jones, as a result of their roles in the chain of distribution of the 38 System, are proper parties for product liability claims involving the 38 System, which they market, sell, supply or distribute.

19.     Jurisdiction is proper in Missouri State Courts because Plaintiff and Distributor Defendants are residents of the State of Missouri and this matter involves a product that was marketed, sold, distributed and implanted in Plaintiff in the State of Missouri whereby the Biomet Defendants purposefully availed themselves of business opportunities within the state of Missouri.

20.     Venue is proper in St. Louis County as Plaintiff was first harmed by Defendants in St. Louis County.

## TOTAL HIP ARTHROPLASTY

21.     Total Hip Arthroplasty (hereafter "THA") is the term used to describe surgery wherein a patient's natural hip anatomy is replaced with synthetic components.  THA is also

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

commonly referred to as "hip replacement surgery." A patient may need a THA for a variety of medical reasons including degenerative bone disease and avascular necrosis.

22.     THA involves invasive and traumatic surgery in which a surgeon saws and removes a considerable portion of bone, including the ball, from the top of the femur.  In place of the removed bone, the surgeon places a metal shaft, called a "stem," down into what remains of the femoral bone.  The portion of the stem which is housed inside the femur may be affixed to the bone via use of bone cement or by a porous coating on the synthetic surface of the stem into which the natural bone will grow. The top of the synthetic metal stem, referred to as the "neck," is not housed inside the femur and remains completely exposed inside the body. A component called a "taper," which can be roughly described as similar to a metal sleeve, fits on top of, and around, the exposed neck of the stem.  A synthetic ball, whether made of metal, plastic, or ceramic, is then attached on top of, and around, the taper.

23.     The surgeon also replaces the anatomical hip socket, the acetabulum, with an artificial "cup" against which the new, synthetic ball articulates.  This cup is sometimes referred to as an "acetabular cup." To implant an acetabular cup, the surgeon removes bone from the natural acetabulum in an effort to create a new hip socket large enough to house the synthetic cup.  The surgeon then places the synthetic cup into the newly formed hip socket.  The cup affixes to the bone either through the use of screws, bone cement, a porous metal coating on the back of the synthetic cup into which the natural bone will grow, or by a combination of the three.

24.     A successful THA results in a hip prosthesis that should last 25+ years in a patient, and does not cause catastrophic tissue and muscle loss.

25.     If a hip prosthesis fails in a patient, the patient's surgeon may recommend a "revision" THA procedure in order to replace the failed hip components.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

26.     A revision THA is extremely traumatic to a patient, multitudes more so than a primary THA.  The surgery is typically much longer, with greater blood loss, greater surgeon difficulty, and greater mortality rate.  The rehabilitation period for a revision THA can be much longer.

27.     In most revision THA procedures, the synthetic components that must be replaced are either the acetabular cup or the femoral ball or both.

28.     Further, depending on the mode of failure for a hip prosthesis, the patient's natural anatomy may be so damaged that subsequent revision hip implants will be more likely to fail prematurely.

## HIP IMPLANT DESIGN

29.     Modern techniques for performing THA and for designing and manufacturing hip replacement components are based on a design introduced by Sir John Charnley in 1962.  The design he created and used to perform THA consisted of three components: a one-piece stainless-steel femoral stem and head; an acetabular cup made of Ultra High Molecular Weight Polyethylene (a very hard type of plastic); and acrylic bone cement.  A picture is found below for reference:



30.     Long-term studies of patients undergoing a Charnley THA in the 1960s and early 1970s show excellent results.  These studies found that between 85% and 96% of patients still had

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

a well-functioning Charnley hip 25 years after implant.  Another study found that 78% of patients still didn't need to have their original Charnley hip replaced even after 35 years.

31.     The Charnley hip was not without its weaknesses.   The one piece design of the femoral stem and head did not allow surgeons to adjust the implant for any leg-length discrepancies due to surgery.  Also, the design of the acetabular cup required the surgeon to apply bone cement to the back of the cup in order to affix it to the natural hip socket.  These design elements contributed to a difficult and inflexible surgical procedure for surgeons.  Further, the polyethylene plastic used for the cup could wear off as the stainless steel ball articulated inside and against it.  As these plastic particles wore off, they damaged local tissue and bone in the patient and could serve to loosen the acetabular cup from the acetabular bone.  However, these shortcomings did not occur often, as evidenced by the design's long term survivorship statistics.

32.     Over time, varying designs and various compounds of plastic, ceramic, and metal have been implemented for the stem, femoral head (or ball) and the acetabular cup in an effort to improve upon the Charnley design.

33.     Briefly, in the 1960s, the orthopedic device industry experimented with various metal-on-metal (hereafter "MoM") designs for hip implants.  This design calls for a metal femoral head to articulate directly against the metal interior of an acetabular cup.  The perceived benefit of this design was the idea that metal was stronger than plastic and would hopefully last longer and wear less.  Further, the strength of the metal would allow for designs that increased range of motion.  However, by the mid-1970s, MoM hip implants were completely abandoned in favor of utilizing polyethylene components.

34.     Factors that led to the complete abandonment of the MoM designs by the early 1970s for MoM hip implants related to:

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

    a.  High rates of early revision;

    b.  The early success of the Charnley prosthesis;

    c.  Frictional torque between the components;

    d.  Concerns over the unknown carcinogenic and toxic effects of metal wear;

    e.  Concerns over metal sensitivity in patients;

    f.  High rates of infection; and

    g.  Increased bone strain and fatigue fractures of the bones surrounding the implant.

35.    Due to the limited use and subsequent complete abandonment of MoM technology by the mid-1970s, there had been almost no medical or scientific advancement in decades relating to understanding the *actual, clinical* risks associated with using MoM technology for hip implants. In fact, the only limited clinical history associated with MoM going into the new millennium was that they posed unreasonable risks to patients that were not present in the Charnley prosthesis and they offered no additional benefits compared to the Charnley prosthesis.

36.    Despite the MoM hiccup in the evolution of THA surgery, various other improvements have been made to the Charnley design in recent decades.

37.    Most modern acetabular cups now implement some form of porous coating on the backside where the cup affixes to the hip socket.  This allows for bone to naturally grow into the pores so that the surgeon does not need to use screws or bone cement to seat the cup in the bone.

38.    Typically, modern acetabular cups are "modular".  This means the cups have multiple components.  The components of a modular acetabular cup include the cup, which is implanted into the hip socket, and a "liner" which is placed on the inside of the cup and forms the surface against which the femoral head (or ball) articulates.

39.    Another improvement was the use of Highly Cross-Linked Ultra High Molecular Weight ("HXUHMW") Polyethylene instead of Charnley's original Ultra High Molecular Weight

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

("UHMW") Polyethylene.  This improved polyethylene is stronger, harder, and reduces the amount of plastic wear produced during articulation of components.

40.     HXUHMW Polyethylene Hip Implants were introduced years prior to Defendants' MoM implant.

41.     Modern THA implants typically also have a separate femoral stem and femoral head, instead of Charnley's original one-piece design.  These two pieces attach at the top of the stem, or "neck." The stem is nearly always made of metal (the particular metal alloy varies depending on manufacturer).

42.     The femoral head can be made of HXUHMW Polyethylene or various forms of metal or ceramic.

43.     These modern designs have resulted in highly successful implants intended to last and capable of lasting 20+ years in a patient.

44.     In fact, the Biomet Defendants have sold HXUHMW Polyethylene hip systems since the mid-1990s.

## THE FDA'S 510(k) CLEARANCE PROCESS

45.     The 510(k) clearance process refers to Section 510(k) of the Medical Device Amendments of 1976 (hereafter "MDA") of the Federal Food, Drug, and Cosmetic Act. Under this process, device manufacturers are only required to notify the FDA at least 90 days before they market a device claimed to be "substantially equivalent" to a device the FDA approved for sale prior to 1976, when the MDA was enacted.

46.     No clinical testing is required under this process.

47.     Subsequent amendments to the MDA allowed for 510(k) clearance for products deemed "substantially equivalent" to post-MDA, 510(k)-cleared devices.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

48.     Through this domino effect, devices deemed "substantially equivalent" to devices previously deemed "substantially equivalent" to devices approved for sale by the FDA prior to 1976 could be sold to patients in a matter of 90 days without any clinical testing.

49.     Clearance for sale under the 510(k) process does not equate to FDA approval of the cleared device.

50.     The M2a 38 utilized the 510(k) process in order to be approved for sale.

51.     The M2a 38 did not undergo any clinical testing.

52.     In its 510(k) application, the Biomet Defendants alleged the M2a 38 was substantially similar to devices that were abandoned prior to 1976.

53.     In 2012, at the request of the FDA, the National Institute of Health (hereafter "NIH") conducted a thorough review of the 510(k) process, coming to the following major conclusions:

> **The 510(k) clearance process is not intended to evaluate the safety and effectiveness of medical devices with some exceptions.  The 510(k) process cannot be transformed into a pre-market evaluation of safety and effectiveness so long as the standard for clearance is substantial equivalence to any previously cleared device.**

54.     The NIH explained, "The assessment of substantial equivalence does not require an independent demonstration that the new device provides a 'reasonable assurance of safety and effectiveness.'"  Further, the NIH even pointed out that the classification of predicate devices approved for sale prior to the 1976 MDA "did not include any evaluation of the safety and effectiveness of individual medical devices . . . Thus is common for devices to be cleared through the 510(k) program by being found substantially equivalent to devices that were never individually evaluated for safety and effectiveness, either through the original device classification program or through the 510(k) process."

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

55.     The Biomet Defendants utilized sales representatives, who were agents, servants and/or employees of Defendants Select and Jones, including Defendant Weible, who were responsible for educating Plaintiff's orthopedic surgeon regarding the claimed advantages of the products at issue in this Petition, answering any questions Plaintiff's orthopedic surgeon asked regarding the products, assisting Plaintiff's orthopedic surgeon at surgery regarding the products, and selling the products to Plaintiff through her orthopedic surgeon.

56.     Defendants Select and Jones, by and through their sales representatives, including Defendant Weible, were regularly present within the operating room during the implantation of the medical devices, including the 38 System, they distributed and sold.

57.     Defendants Select and Jones, by and through their sales representatives, including Defendant Weible received education and training on the surgical techniques, scientific studies, and purported benefits related to the products they distributed and sold in their sales territory from the Biomet Defendants, including the 38 System.

58.     The Biomet Defendants, Defendants Select and Jones, trained and educated their sales representatives, including Defendant Weible, regarding the 38 System, including orthopedic and surgical training, product design rationale, surgical technique tips, training in the use of implanting tools, training in selecting the hip replacement components to mate with the products at issue, and training on how to sell to orthopedic surgeons, including training on the advantages of the 38 System over its competitors.

59.     The Biomet Defendants provided instructional materials to Defendants Select and Jones, including videos of surgeries and exemplar surgical instruments, in an effort to train Defendants Select and Jones (and sales representatives of Defendants Select and Jones, including Defendant Weible) on proper surgical techniques regarding the 38 System.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

60.     The Biomet Defendants insisted that Defendants Select and Jones and their sales representatives, including Defendant Weible take time to review surgical instructions and practice with provided surgical instruments before attending surgeries.

61.     The Biomet Defendants Select and Jones, by and through their sales representatives, including Defendant Weible, organized events where surgeons in their sales territory could attend group viewings of live surgeries via-webcast to promote the products at issue and to educate surgeons on surgical techniques for the products at issue.

62.     Defendants Select and Jones, by and through their sales representatives, including Defendant Weible, organized events where surgeons in their sales territory could participate in or attend cadaver surgeries in order to promote the products at issue and to educate surgeons on surgical techniques for the products at issue.

63.     Defendants Select and Jones, by and through their sales representatives, including Defendant Weible, organized educational courses where a select surgeon would be paid by either Defendants Select or Jones or by the Biomet Defendants to promote the products at issue and discuss surgical techniques with surgeons in Defendants Select and Jones' territory

64.     Defendants Select and Jones, by and through their sales representatives, including Defendant Weible, took part in conferences, either in person or by telephone or web-cast, with the Biomet Defendants Biomet in order to receive updates on metal-on-metal concerns.

65.     Prior to Plaintiff's THA surgery, Defendants Select and Jones, by and through their sales representatives, including Defendant Weible provided information to Plaintiff's orthopedic surgeon, including but not limited to: the advantages of the products at issue compared to competitors' products; information regarding the design rationale for the products at issue; surgical techniques and use of instrumentation during the implanting of the products at issue.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

66.     The above information was provided to Plaintiff's orthopedic surgeon with the intended purpose of convincing and inducing Plaintiff's orthopedic surgeon to use the products at issue instead of other hip implants available for implantation in Plaintiff.

67.     At all times relevant to this Petition, Plaintiff's orthopedic surgeon, nurses and hospital staff relied on the information and assistance from Defendants Select and Jones and their sales representatives, including Defendant Weible.

**BIOMET DEFENDANTS M2a 38 HIP SYSTEM**

68.     The Biomet Defendants design and manufactures various medical devices and implants.

69.     The Biomet Defendants marketed themselves as "a leader in the design and manufacture of total joint replacement products."[1]

70.     Despite the early failure of metal-on-metal technology, and despite the near complete lack of a *clinical* safety record due to the previous abandonment of the technology, Biomet decided to begin marketing metal-on-metal hips again in 1996.

71.     According to the Biomet Defendants' marketing, "During the past decade, Biomet has emerged as a recognized leader in metal-on-metal articulations."

72.     In 2001, the Biomet Defendants and the Distributor Defendants began marketing a "monoblock" metal on metal acetabular cup called the M2a-Taper by and through Defendants Select, Jones and Weible.

73.     A monoblock cup is different from a modular cup in that a monoblock cup does not utilize a liner.  Instead, the portion of the cup with porous coating on the outside (which is intended to fuse with the natural bone) and the inside surface of the cup (which articulates against the

---

[1] According to www.biomet.com/orthopedics/index.cfm. (as archived from March 7, 2009.)

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

femoral ball) are part of one, continuous metal component.

74.     Utilizing a monoblock design allows for the design of a larger articulating surface inside the cup and a larger femoral ball.  The intended end benefit of this design is greater range of motion and stability.

75.      However, this design also increases the surface area of metal-on-metal articulation.  The increased surface area risks increasing friction between the metal components and increasing wear.

76.     In 2003, Biomet released the 38 System, a monoblock metal-on-metal hip replacement system.  Below is a picture of the 38 acetabular cup and femoral ball, as found in Biomet's marketing brochures:



77.     The 38 hip system utilizes a monoblock metal cup made of a Cobalt Chromium alloy.

78.     The back of the 38 cup utilizes a porous coating intended to promote bone fixation.

79.     The 38 hip system also utilizes a metallic femoral ball made of a Cobalt Chromium alloy.

80.     The femoral ball of the 38 attaches to the neck of whatever stem is mated with it via a taper made of Titanium.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

81.     All Defendants marketed the 38 as having the lowest cobalt ion levels of four Metal-on-Metal implant designs.

82.     In various marketing materials, the Biomet Defendants, Defendants Select, Jones and Weible marketed the 38 as having three-year survivorship rates of "over 98%" and "99.2%."

83.     At all times relevant hereto, the Biomet Defendants Select, Jones and Weible alleged that the 38 hip system "delivers a clinically proven, unique design that has shown a statistically significant lower revision rate than other MoM implants."

## PROBLEMS WITH THE BIOMET M2a 38 HIP SYSTEM

84.     The M2a 38 was not adequately tested for safety prior to its release.  The only testing conducted was "mechanical testing" to determine "substantial equivalence" to the predicate devices listed on the 510(k) report. No clinical testing was performed whatsoever.

85.     The various metal components within the 38 System cause metal "wear" to be released into the patient's body.

86.     Metal wear is of a particularly small, "microparticle" or "ion" size relative to wear due to plastic components.

87.     Metal wear microparticles and ions pose a greater danger to local, regional, and systemic body parts because of their smaller size.

88.     These microparticles can cause bone death, tissue death, excessive fluid build-up, and pseudo-tumors, among other things.

89.     The destructive effect may also serve to loosen the acetabular cup.  A loose acetabular cup, in turn, causes greater amounts of metal wear.

90.     Further, research suggests that metal wear can cause neurological problems and carcinogenic cell activity regionally and systemically.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

91.     The degenerative effects on the patient's anatomy may be so great as to decrease the chances of success for any replacement implant necessitated by the failure of the 38 System.

92.     Despite Defendants' marketing, promotion and claims of the advantages of the 38 System, the product is and always was deeply flawed and defective.

93.     The testing done on the product prior to launch was inadequate and not representative of real-world, clinical situations.

94.     Defendants marketed and promoted the 38 System as safe merely based on a lack of conclusive connection to hazards, as opposed to an affirmative clinical determination of safety.

95.     Indeed, Defendants knew that there was no *clinical* evidence to support the contention that the product was safe or effective.

96.     Upon information and belief, prior to Plaintiff's implant and revision surgeries, Defendants, each of them, were aware of defects and unreasonably high rates of problems with the 38, including, but not limited to high levels of metal wear causing local and/or systemic damage in patients' bodies.

97.     Specifically, Defendants were aware of unreasonably high rates of loosening of the acetabular component, metallosis, pseudotumors, pain, elevated metal levels, and other maladies requiring revision of the hip implant.

98.     Prior to marketing, distributing, and selling the 38, Defendants knew or should have known that it was not a clinically safe prosthesis.

99.     Despite knowing or being in a position where they should have known of the unreasonable risks associated with the 38 System, Defendants began to market, distribute and sell it.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

100.    Since its introduction into the market, the 38, like other metal-on-metal hip replacement systems, experienced an unreasonably high rate of failures worldwide.

101.    After Defendants began marketing, distributing and selling the 38 System, they quickly began receiving a high number of reports and warnings from surgeons and others regarding failed 38 System components.

102.    Defendants were made aware of 38 failures through communications with customer surgeons.

103.    Defendants did not take proper action in response to surgeon reports and warnings.

104.    Despite knowing or being in a position where they should have known, of the unreasonable risks associated with the 38 System, Defendants continued to market, distribute and sell the 38 System.

105.    Defendants did not provide adequate warning to the public or the medical community regarding the risks associated with the 38 System.

## KEITH ROBERTS IMPLANTS AND REVISIONS

106.    Plaintiff experienced a history of pain in his left hip that caused him to be treated by Dr. John E. Tessier ("Dr. Tessier").

107.    Dr. Tessier determined Plaintiff needed a THA of his left hip.

108.    On January 23, 2004, Dr. Tessier performed a THA on the left hip at St. John's Mercy Medical Center, in St. Louis, Missouri.

109.    During these THA (also referred to as "implant surgeries"), Dr. Tessier implanted Plaintiff with a number of Defendants' products:

January 23, 2004; Left Implant:

    a.   M2A 38(TM) PF Cup; Ref. US118858; Lot # 528890
    b.   M2A 38(TM) Modular Head; Ref. 11-173661 Lot # 204510

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

    c.   Collarless Bi-Metric Porous Stem; Ref. 11-104213; Lot # 872410

110.    In preparation for this implant surgery, Dr. Tessier—or someone at his direction—contacted Defendants Select or Jones, or an agent and/or employee of Select, Defendant Weible, to notify them of the need for the 38 hip system components.

111.    Defendants Select, Jones and Weible selected and provided the specific 38 System components for use in Plaintiff and delivered them to Plaintiff's implant surgery operating room.

112.    Upon information and belief, an agent or employee of Defendants Select or Jones, specifically Defendant Weible was present in the operating room during Plaintiff's implant surgery.

113.    After being implanted with the 38 System, Plaintiff experienced elevated cobalt and chromium levels and significant pain in his left and sought follow-up treatment with Dr. Tessier for his left hip.

114.    On January 19, 2018, Dr. Tessier performed a painful and risky revision surgery to replace Plaintiff's Left failed 38 System.

### COUNT I
### NEGLIGENCE –
### ALL DEFENDANTS

115.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

116.    Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, sale and/or distribution of the $M^2a$-38 Hip Implant System into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and adverse events and/or a duty to comply with federal requirements.

117.    Defendants failed to exercise ordinary care in the design, formulation,

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

manufacture, sale, testing, quality assurance, quality control, labeling, marketing, promotion and distribution of the $M^2$a-38 Hip Implant System into interstate commerce in  that Defendants knew or should have known that the product caused significant bodily harm and was not safe for use by consumers, and/or through failure to comply with federal requirements.

118.    Despite the fact that Defendants knew or should have known that the $M^2$a- 38 Hip Implant System posed a serious risk of bodily harm to consumers, Defendants continued to manufacture and market the $M^2$a-38™ Hip Implant System for use by consumers and/or continued to fail to comply with federal requirements.

119.    Defendants knew or should have known that consumers such as Plaintiff would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above, including the failure to comply with federal requirements.

120.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

121.    Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants, each of them, in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

**COUNT II**
**STRICT LIABILITY FAILURE TO WARN –**
**ALL DEFENDANTS**

122.     Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

123.     At the time Defendants marketed, promoted, distributed, and/or sold the 38 System, it was in an unreasonably dangerous condition when put to a reasonably anticipated use without knowledge of its characteristics.

124.     Defendants did not give adequate instructions or warnings of the dangers of the 38 System.

125.     The 38 System was used in a manner reasonably anticipated by Defendants.

126.     As a direct and proximate result of the 38 System being distributed or sold by Defendants without an adequate warning, Plaintiff needlessly suffered the following injuries to wit: significant pain and suffering; revision surgery; elevated blood-serum metal ion levels; metal wear; loss of enjoyment of life; and limitation of daily activities; Plaintiff continues suffering from such injuries and will continue to suffer into the future as a result of the 38 System.

127.      As a direct and proximate result of the 38 System being distributed or sold by Defendants without an adequate warning, Plaintiff was caused to incur medical expenses, and will incur additional medical expenses into the future.

128.     As a direct and proximate result of the 38 System being distributed or sold by Defendants without an adequate warning, Plaintiff has experienced emotional trauma and distress, and will continue to experience ongoing emotional trauma and distress into the future.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT III
## STRICT LIABILITY - DESIGN DEFECT –
## ALL DEFENDANTS

129.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

130.    Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of orthopedic devices including the $M^2a$-38™ Hip Implant System.

131.    The $M^2a$-38™ Hip Implant System manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect, and/or it failed to comply with federal requirements for these medical devices.

132.    The foreseeable risks associated with the design or formulation of the $M^2a$- 38™ Hip Implant System include, but are not limited to, the fact that the design or formulation of the $M^2a$-38™ Hip Implant System is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner, and/or it failed to comply with federal requirements.

133.    As a direct and proximate result of the Plaintiff's use of the $M^2a$- 38™ Hip Implant System as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants and/or its failure to comply with federal requirements, Plaintiff suffered

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

134.     Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

### COUNT IV
### STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT- THE BIOMET DEFENDANTS ONLY

135.     Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

136.     The Biomet Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of orthopedic devices, including the $M^2a$-38 Hip Implant System.

137.     The 38 Hip Implant System manufactured, designed, sold, distributed, supplied, and/or placed in the stream of commerce by the Biomet Defendants was defective in its manufacture and construction when it left the hands of the Biomet Defendants in that it deviated from product specifications and/or applicable federal requirements for these medical devices, posing a serious risk of injury and death.

138.     As a direct and proximate result of the Plaintiff's use of the Biomet Defendants' $M^2a$-38  Hip Implant System as manufactured, designed, sold, supplied, and introduced into the stream of commerce by Defendants and/or the failure to comply with federal requirements, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

139.    Plaintiff seeks damages from the Biomet Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against the Biomet Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

**COUNT V**
**STRICT PRODUCTS LIABILITY –**
**DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATIONS-**
**ALL DEFENDANTS**

140.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

141.    Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of orthopedic devices, including the $M^2a$-38 Hip Implant System.

142.    The $M^2a$-38 Hip Implant System manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not confirm to representations made by Defendants concerning the product and/or with applicable federal requirements.

143.    Defendants made representations to consumers regarding the character or quality of the $M^2a$-38™ Hip Implant System, including but not limited to, statements that the $M^2a$-38™ Hip Implant System was a safe and durable hip replacement system. They further asserted that the "Biomet metal-on-metal (MoM) $M^2a$-38™ Large Metal Articulation System offers optimal joint mechanic restoration and ultra low-wear rates in vivo. Many studies conducted over the last several decades have shown no definitive correlation of negative health issues to ion levels exhibited form metal-on-metal implants."

144.    Plaintiff and/or Plaintiff's physicians justifiably relied upon Defendants' representations regarding the $M^2a$-38™ Hip Implant System when they selected these Biomet

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

orthopedic products to be used in surgery.

145.     As a direct and proximate result of the Plaintiff's use of the $M^2a$- 38™ Hip Implant System, and Plaintiff's reliance on Defendants' representations regarding the character and quality of the $M^2a$-38™ Hip Implant System and/or failure to comply with federal requirements, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

146.    Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF EXPRESS WARRANTY-
## ALL DEFENDANTS

147.     Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

148.     Defendants expressly warranted that the $M^2a$-38™ Hip Implant System was a safe and effective orthopedic device for those patients requiring a hip replacement.

149.     As a direct and proximate result of Defendants' breach of warranty, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

150.     Plaintiff seeks damages from Defendants as alleged herein.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

<div align="center">

**COUNT VII**
**BREACH OF IMPLIED WARRANTY-**
**ALL DEFENDANTS**

</div>

151.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

152.    At the time Defendants designed, manufactured, marketed, sold, and distributed the $M^2a$-38 Hip Implant System for use by Plaintiff, Defendants knew of the use for which the $M^2a$-38 Hip Implant System was intended and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling, and marketing complied with all applicable federal requirements.

153.    Plaintiff and/or his physicians reasonably relied upon the skill and judgment of Defendants as to whether the $M^2a$-38™ Hip Implant System was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters, including that it was in compliance with all federal requirements.

154.    Contrary to such implied warranty, Biomet's $M^2a$-38 Hip Implant System was not of merchantable quality or safe for its intended use, because the product was defective as described above, and/or it failed to comply with federal requirements.

155.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

156.    Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

**COUNT VIII**
**NEGLIGENT MISREPRESENTATIONS-**
**ALL DEFENDANTS**

157.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and further alleges as follows:

158.    In the exercise of reasonable care, Defendants should have known that its $M^2a$- 38 Hip Implant System failed to comply with federal requirements for safe design and manufacture and/or was in other ways out of specification, yet Defendants negligently misrepresented to Plaintiff and/or Plaintiff's physicians that its device was safe and met all applicable design and manufacturing requirements.

159.    Plaintiff and/or Plaintiff's physicians reasonably relied to their detriment upon Defendants' misrepresentations and omissions in its labeling, advertisements, and promotions concerning the serious risks posed by these products. Plaintiff and/or Plaintiff's physicians reasonably relied upon Defendants' representations that the $M^2a$- 38 Hip Implant System was safe for use.

160.    As a direct and proximate result of Defendants' negligent misrepresentations and omissions and/or its failure to disclose its violations of federal requirements applicable to its $M^2a$-38 Hip Implant System, Plaintiff used Defendants' $M^2a$-38 Hip Implant System and Plaintiff suffered serious physical injury, harm, damages and economic loss, and will continue to suffer

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

such harm, damages and economic loss in the future.

161.    Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT IX
## FRAUDULENT MISREPRESENTATION-
## ALL DEFENDANTS

162.    Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and alleges as follows:

163.    Defendants falsely and fraudulently represented to the medical and healthcare community and to the Plaintiff, and/or the FDA, and the public in general, that the subject product had been tested and was found to be safe and/or effective for hip arthroplasty treatment.

164.    The representations made by the Defendants were, in fact, false.

165.    When said representations were made by the Defendants, they knew those representations to be false and it willfully, wantonly and recklessly disregarded whether the representations were true.

166.    Defendants knowingly and intentionally made false representations of material fact to Plaintiff and/or his physician, including but not limited to claims that the $M^2a$-38 Hip Implant System was a safe and durable hip replacement system.

167.    These representations were made by the Defendants with the intent of defrauding and deceiving Plaintiff, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

healthcare community in particular, to recommend, prescribe, dispense and/or purchase the subject product for hip arthroplasty treatment, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and the public in general.

168.    At the time the aforesaid representations were made by the Defendants and, at the time Plaintiff was treated with the $M^2a$-38 Hip Implant System, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

169.    In reliance upon said representations, Plaintiff was induced to, and did use the subject product, thereby sustaining severe and permanent personal injuries, including but not limited to, significant pain, discomfort, elevated metal levels resulting in revision surgery, as well as other severe and permanent health consequences, notwithstanding the Defendants' knowledge of an increased risk of these injuries and side effects over other hip arthroplasty devices.

170.    Defendants knew and were aware or should have been aware that the $M^2a$- 38 Hip Implant System had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

171.    Defendants knew or should have known that the $M^2a$-38 Hip Implant System had a potential to, could and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or downplayed warnings.

172.    Defendants brought the subject product to the market, and acted fraudulently, wantonly and maliciously to the detriment of Plaintiff.

173.    As a direct and proximate result of Defendants' fraudulent misrepresentations and omissions and/or its failure to disclose its violations of federal requirements applicable to its $M^2a$-38™ Hip Implant System, Plaintiff used Defendants' $M^2a$-38 Hip Implant System and Plaintiff

Electronically Filed - St. Louis County - October 26, 2022 - 02:44 PM

suffered serious physical injury, harm, damages and economic loss, and will continue to suffer such harm, damages and economic loss in the future.

174.     Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

<u>**COUNT X**</u>
<u>**FRAUDULENT CONCEALMENT-**</u>
<u>**ALL DEFENDANTS**</u>

175.     Plaintiff incorporates all of the preceding paragraphs of this Petition as if fully set forth herein and alleges as follows:

176.     At all times during the course of dealing between the Defendants and Plaintiff, Plaintiff's healthcare providers, and/or the FDA, the Defendants misrepresented the safety of the subject product for its intended use.

177.     Defendants knew or were reckless in not knowing that its representations were false.

178.     In representations to Plaintiff, Plaintiff's healthcare providers, and/or the FDA, the Defendants fraudulently concealed and intentionally omitted material information, including but not limited to, the fact that:

    a.  the subject product was not as safe as other similar drugs and medications indicated for hip arthroplasty;
    b.  That the subject product was defective, and that it caused dangerous side effects, including but not limited to the risks of developing serious and dangerous side effects, including but not limited to component loosening, component mal-alignment, infections, fracture of the bone, dislocation, metal

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

sensitivity and pain, irritation and discomfort, as well as the need for additional procedures to remove and replace the M2a-38 Hip Implant System, as well as other severe and permanent health consequences, notwithstanding the Defendants' knowledge of an increased risk of these injuries and side effects over other hip arthroplasty devices.

c.  that the subject product was manufactured negligently;

d.  that the subject product was manufactured defectively;

e.  that the subject product was manufactured improperly;

f.  that the subject product was designed negligently;

g.  that the subject product was designed defectively; and

h.  that the subject product was designed improperly.

179.    Defendants were under a duty to disclose to Plaintiff, Plaintiff's healthcare providers, and/or the FDA the defective nature of the subject product, including but not limited to, the risk of developing elevated metal ion levels, device failure resulting in the need for revision surgery associated with the use of the $M^2a$-38 Hip Implant System.

180.    Defendants had sole access to material facts concerning the defective nature of the subject product and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used the $M^2a$-38 Hip Implant System, including Plaintiff, in particular.

181.    Defendants' concealment and omissions of material facts concerning, inter alia, the safety of the $M^2a$-38 Hip Implant System was made purposefully, willfully, wantonly, and/or recklessly, to mislead Plaintiff = and Plaintiff's physicians, hospitals and healthcare providers into reliance on the use of the $M^2a$-38 Hip Implant System, and to cause them to purchase, prescribe, dispense and/or use the subject product.

182.    Defendants knew that Plaintiff, Plaintiff's healthcare providers, and/or the FDA had no way to determine the truth behind the Defendants' concealment and omissions, as set forth herein.

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

183.     Plaintiff, as well as Plaintiff's doctors, healthcare providers, and/or hospitals, reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by the Defendants.

184.     As a direct and proximate result of Defendants' fraudulent misrepresentations and omissions and/or its failure to disclose its violations of federal requirements applicable to its $M^2a$-38 Hip Implant System, Plaintiff used Defendants' $M^2a$-38 Hip Implant System and the Plaintiff suffered serious physical injury, harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

185.     Plaintiff seeks damages from Defendants as alleged herein.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

**O'LEARY, SHELTON, CORRIGAN,
PETERSON, DALTON & QUILLIN, LLC**

By          _/s/ James D. O'Leary_____
            James D. O'Leary, 45964
            Michael J. Quillin, #61877
            1034 South Brentwood Blvd.
            Penthouse 1-A, 23rd Floor
            St. Louis, MO 63117
            (314) 405-9000 telephone
            oleary@osclaw.com
            quillin@osclaw.com

**BACHUS & SCHANKER, L.L.C.**

Darin L. Schanker, CO Bar No. 23381,
*to be admitted Pro Hac Vice*
Melanie Sulkin, Esq., CO Bar No. 49944,
*to be admitted Pro Hac Vice*
101 W. Colfax Avenue, Suite 650
Denver, CO 80202
T: (303) 893-9800
F: (303) 893-9900
E: dschanker@coloradolaw.net
E: melanie.sulkin@coloradolaw.net

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM

**22SL-CC04607**

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

 October 26, 2022
Date

_____
Case Number

_____
Division

 Keith Roberts
Plaintiff/Petitioner

vs.

 Biomet, Inc., et al.
Defendant/Respondent

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  Plaintiff                                                        , pursuant
<div align="center">Requesting Party</div>
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 John Houseman              P.O. Box 50341, Clayton, MO 63105          314-899-5091
Name of Process Server          Address                                     Telephone

 Adam Neil                  P.O. Box 50341, Clayton, MO 63105          314-899-5091
Name of Process Server          Address or in the Alternative               Telephone

_____
Name of Process Server          Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:

 Select Orthopedics, Inc. c/o Kevin King
Name
 9811 S. 40 Drive
Address
 St. Louis, MO 63124
City/State/Zip

SERVE:

_____
Name
_____
Address
_____
City/State/Zip

SERVE:

 Jacob Weible
Name
 229 Green Drive
Address
 O'Fallon, MO 63368
City/State/Zip

SERVE:

_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
    Deputy Clerk

_____
Date

 /s/ James D. O'Leary
Signature of Attorney/Plaintiff/Petitioner
 45964
Bar No.
 1034 S. Brentwood Blvd., PH1-A, 23rd Floor
Address
 (314) 405-9000          (314) 405-9999
Phone No.                        Fax No.

CCADM62-WS    Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

Electronically Filed - St Louis County - October 26, 2022 - 02:44 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| vs. | |
| Defendant/Respondent:<br> BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **BIOMET ORTHOPEDICS, LLC**
                              **Alias:**

**CSC LAWYERS INC SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

__31-OCT-2022__
      **Date**                                                      _____
                                                         **Clerk**

**Further Information:**
**AD**

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
        Printed Name of Sheriff or Server                                   Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
*(Seal)*                                       Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit


**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**


**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| vs. | |
| Defendant/Respondent:<br> BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | BIOMET MANUFACTURING, LLC, F/K/A BIOMET MANUFACTURING CORP<br>Alias: |

CSC-LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-OCT-2022</u>
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
            Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                              Date                                                      Notary Public

*(Seal)*

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.    A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>vs.   ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:   SELECT ORTHOPEDICS, INC.
Alias:

REG AGT KEVIN L KING
9811 S. 40 DRIVE
ST. LOUIS, MO  63124

**COURT SEAL OF**



**ST. LOUIS COUNTY**

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-OCT-2022</u>
**Date**

_____
**Clerk**

**Further Information:**
AD

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                                           Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
|                     vs. | |
| Defendant/Respondent:<br> BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  JACOB WEIBLE
          **Alias:**

**229 GREEN DRIVE**
**O'FALLON, MO  63368**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

     **31-OCT-2022**                            _____
         Date                                        **Clerk**

     **Further Information:**
     **AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
     Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
*(Seal)*                            Date                                 Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS<br><br><br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105                      (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   **BIOMET JONES & ASSOCIATES, INC.**
Alias:

**SERVE SEC OF STATE**
**600 WEST MAIN**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-OCT-2022</u>
     Date

Further Information:
AD

_____
Clerk

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
        Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
              *(Seal)*                                    Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br>BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | <div align="right">(Date File Stamp)</div> |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  BIOMET, INC.
**Alias:**
**REG AGT CORP SERVICE COMPANY**
**135 N. PENNSYLVANIA STSTE 1610**
**INDIANAPOLIS, IN  46204**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-OCT-2022</u>
**Date**
**Further Information:**
**AD**

_____ /Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
      ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
     _____, a person at least 18 years of age residing therein.

     ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
     ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____       _____
   Printed Name of Sheriff or Server            Signature of Sheriff or Server

       **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
       I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                 ☐ authorized to administer oaths.  (use for court-appointed server)
                     _____
                          Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| **vs.** | |
| Defendant/Respondent:<br>BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   BIOMET U.S. RECONSTRUCTION, LLC
 **Alias:**
**REG AGT CORP SERVICE COMPANY**
**135 N. PENNSYLVANIA SUITE 1610**
**INDIANAPOLIS, IN  46204**

*COURT SEAL OF*

**ST. LOUIS COUNTY**

  You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
  SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

 **31-OCT-2022**
 **Date**
 **Further Information:**
 **AD**

_____
 Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
 ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
  _____, a person at least 18 years of age residing therein.

  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _____ (name) _____ (title).
  ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
 Printed Name of Sheriff or Server                                Signature of Sheriff or Server

 **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
 I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
  ☐ the judge of the court of which affiant is an officer.
  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
 *(Seal)*    (use for out-of-state officer)
  ☐ authorized to administer oaths.  (use for court-appointed server)
  _____
  Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $_____ per mile) |
| **Total** | $_____ |

<div align="center">See the following page for directions to clerk and to officer making return on service of summons.</div>

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM

IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI
21st JUDICIAL CIRCUIT

KEITH ROBERTS

          Plaintiff           Case No.:22SL-CC04607

       v.

BIOMET INC

          Defendant

## AFFIDAVIT OF PERSONAL SERVICE

That I, Dan West hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 11/3/2022 at 4:14 PM at 9811 S 40 Dr, Saint Louis, MO 63124-1136 I served SELECT ORTHOPEDICS INC C/O RA KEVIN KING with the following list of documents: SUMMONSPETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with SELECT ORTHOPEDICS INC C/O RA KEVIN KING.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  S .00



Dan West
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On: 11/5/2022

Subscribed and sworn before me, a Notary
Public, this 5th day of November, 2022

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2023



Order #:27672
File KEITH ROBERTS



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  22SL-CC04607 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH ROBERTS<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br>BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **SELECT ORTHOPEDICS, INC.**
                       Alias:

REG AGT KEVIN I. KING
9811 S. 40 DRIVE
ST. LOUIS, MO 63124

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>31-OCT-2022</u>
Date

Further Information:
AD

                                                 /Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
   Printed Name of Sheriff or Server                             Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

           My commission expires: _____     _____

*(Seal)*                             Date                              Notary Public

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM

**IN THE 21st JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**
**21st JUDICIAL CIRCUIT**

KEITH ROBERTS

        Plaintiff

        v.

BIOMET INC

        Defendant

Case No.:22SL-CC04607

## AFFIDAVIT OF PERSONAL SERVICE

That I, Dan West hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That on 11/3/2022 at 5:35 PM at 229 GREEN DRIVE, ST CHALRES, MO 63368 I served JACOB WEIBLE with the following list of documents: SUMMONSPETITION by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with JACOB WEIBLE.

That I asked the person spoken to whether the Servee was in the active duty military service of the United States or in the state in which this service was made and was told [ ] No they were not [ ] Yes they are [ ] No answer was given.

That the fee for this Service is  $ .00

Dan West
Contracted by Captured Investigative Agency
8235 Forsyth Blvd., STE 1100
Clayton, MO 63105
(314) 392-3205

Executed On: 11/5/2022

Subscribed and sworn before me, a Notary Public, this 5th day of November, 2022

John Gregory Houseman
Notary Public
My Commision expires on: 10/25/2023



Order #:27673
File KEITH ROBERTS

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 22SL-CC04607 |
| Plaintiff/Petitioner:<br>KEITH ROBERTS | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>ST LOUIS, MO 63117 |
| vs. | |
| Defendant/Respondent:<br>BIOMET, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: JACOB WEIBLE
                         Alias:

229 GREEN DRIVE
O'FALLON, MO 63368



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>31-OCT-2022</u>
Date                                     /Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

                  Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____        _____
                                      Date                              Notary Public

Electronically Filed - St Louis County - November 07, 2022 - 09:55 AM

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| **Sheriff's Deputy Salary** | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.